UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TONY R. BARHAM, | ) |
| Plaintiff, | ) No. CV-04-291-CI |
| v. | ) ORDER GRANTING IN PART |
| | ) PLAINTIFF'S MOTION FOR SUMMARY |
| JO ANNE B. BARNHART, | ) JUDGMENT AND REMANDING FOR |
| Commissioner of Social Security, | ) ADDITIONAL PROCEEDINGS |
| | ) PURSUANT TO 42 U.S.C. § 405(g) |
| Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 12, 15), submitted for disposition without oral argument on April 11, 2005. Attorney Donald C. Bell represents Plaintiff; Special Assistant United States Attorney Joanne E. Dantonio represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and **REMANDS** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff, who was 38-years-old at the time of the administrative decision, filed applications for Social Security disability benefits and Supplemental Security Income benefits on

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 1

August 27, 2001, alleging onset as of June 15, 1997, due to a severe seizure disorder. (Tr. at 77, 250.) Plaintiff completed high school, had two years of college and past relevant work as a sheet metal worker. Following a denial of benefits and reconsideration, a hearing was held before Administrative Law Judge R. J. Payne (ALJ). The ALJ denied benefits on September 12, 2003. Review was denied by the Appeals Council. This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

The ALJ concluded Plaintiff met the disability insured requirements through December 31, 2002. Plaintiff had not engaged in substantial gainful activity due to severe impairments including a seizure disorder, but that impairment was not found to meet the Listings. The ALJ further found Plaintiff had not been compliant with prescribed medication and had refused treatment. (Tr. at 25.) The ALJ also relied on treating source opinion, which concluded Plaintiff had the residual capacity to perform medium work and was in fact working at his father's trailer park. The ALJ also found Plaintiff had abused alcohol through 2001, but drinking ceased in January 2002. The ALJ concluded Plaintiff's testimony was not fully credible and that he retained the residual capacity to perform medium work. He concluded Plaintiff was not able to perform his past relevant work, but could perform other work which exists in significant numbers in the national economy. Thus, there was no disability found.

**ISSUES**

The question presented is whether there was substantial

evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff asserts the ALJ erred when he (1) improperly rejected the opinion of the treating physician and relied on the findings of the consulting physician; (2) improperly rejected Plaintiff's testimony as not fully credible without providing analysis; (3) improperly relied on the testimony of the vocational expert; (4) failed to fully develop the record as to Plaintiff's heart condition; and (5) did not give reasons for rejecting the declarations of Plaintiff's witnesses.

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)  - 3

Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**ANALYSIS**

1. <u>Treating Physician</u>

Plaintiff asserts the ALJ failed to properly reject the opinion of his treating physician dated August 28, 2002, that he was disabled as a result of his seizure disorder. (Tr. at 202.) Plaintiff also contends the opinion of the examining physician, James E. Damon, M.D., indicated the seizure disorder would preclude him from performing any job outside his home because of liability issues. (Tr. at 170.) Finally, Dr. Wilcox stated on May 2, 2002, that even on Dilantin, Plaintiff reported seizures once every three

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 4

to six months. (Tr. at 240.) The ALJ rejected these assessments, relying instead on the opinion of the consulting physician, Dr. Haynes who opined Plaintiff's seizure impairment could be controlled with medication and that he retained the residual capacity to perform medium work with certain environmental limitations.

In a disability proceeding, the treating physician's opinion is given special weight because of his familiarity with the claimant and his physical condition. *See Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). If the treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605. While a treating physician's uncontradicted medical opinion will not receive "controlling weight" unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," Social Security Ruling 96-2p, it can nonetheless be rejected only for "'clear and convincing' reasons supported by substantial evidence in the record." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)  - 5

the treating physician's opinion.  *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

On December 3, 1998, Plaintiff was authorized to secure a driver's licence by Dr. Kazakiewiez after reporting he had been seizure free since April 1996.  (Tr. at 39.)  On April 13, 2001, Plaintiff reported he had a seizure every six months or so.  (Tr. at 160.)  However, his April 2001 seizure was followed by a motor vehicle accident in July 2001 due either to seizure activity, use of or alcohol, or a combination.  (Tr. at 163.)  In November 2001, Dr. Damon reported employment would be precluded because of the seizure disorder.  (Tr. at 170.)

In January 2002, Dr. Tracy opined application for disability was premature because there had not been a reasonable trial of anti-convulsant medications.  He also noted it would be difficult for Plaintiff to sustain employment because he was unable to drive. (Tr. at 226.)

On March 27, 2002, Plaintiff was examined by neurologist John M. Wurst, M.D., who noted Plaintiff had not had a seizure for six months, that he had poor control and significant side effects with the prescribed medication, and that he was not in compliance with court orders regarding alcohol abstention. (Tr. at 219.)  Dr. Wurst also noted Plaintiff was employable and that he was, in fact, working at his dad's trailer park.

In August 2002, Dr. Tracy concluded Plaintiff could perform medium work, but also opined no employer would hire him due to the disorder because of liability problems.  (Tr. at 202.)

Here, the ALJ noted the treating source, Dr. Tracy, recommended

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)  - 6

a limitation to medium work and that any application for disability benefits was premature because medication therapy had not been tried. (Tr. at 26.) That finding is supported by the record. (Tr. at 202, 226.) Additionally, following heart surgery, Plaintiff reported no further difficulties and the medical record does not support any limitations associated with his heart condition.

It appears from the medical records the opinions as to disability by Drs. Tracy and Damon are legal decisions by medical personnel based on fear and liability issues[1] associated with hiring

---

[1] As noted by the Ninth Circuit, epilepsy substantially limits an ability to work. Even though medication may control seizures, federal and state regulations and policies restrict the types of available jobs. Epileptics are ineligible to drive trucks in interstate commerce, 49 C.F.R. § 391.41(b)(8), are ineligible for "hazardous" jobs in the federal civil service unless they have been seizure-free without medication for two years, Office of Personnel Management, HANDBOOK OF SELECTIVE PLACEMENT OF PERSONS WITH PHYSICAL AND MENTAL HANDICAPS IN FEDERAL CIVIL SERVICE EMPLOYMENT, OPM Doc. 125-11-3, 63 (1981), and will not be considered by the military for service until they have been seizure-free without medication for five years. Many states render epileptics ineligible for driver's licenses unless they have been seizure-free for a specified period. Epilepsy Foundation of America, LEGAL RIGHTS OF PERSONS WITH EPILEPSY (1985). Unable to drive, job opportunities are limited. The unemployment rate among fully employable epileptics is more than twice the national average and the underemployment rate higher still. Commission for the

persons afflicted by epilepsy. There is no dispute Plaintiff is able to work during seizure free periods and that he does work for his father at a trailer park. (Tr. at 218, 220.) Thus, the opinions rendered by the physicians conclude disability is appropriate based on legal rather than medical grounds. A treating or examining physician's opinion is entitled to great weight only as to medical, not legal, issues. *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989). The ALJ did not err.

2. <u>Credibility and Hypothetical</u>

Plaintiff contends the ALJ did not provide clear and convincing reasons for rejecting the Plaintiff's testimony as not fully credible. Plaintiff contends there is no analysis in the body of the ALJ's decision for rejecting his assertion of disability.

In deciding whether to admit a claimant's subjective symptom testimony, the ALJ must engage in a two-step analysis. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, see *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986), the claimant must produce objective medical evidence of underlying "impairment," and must show that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other

---

Control of Epilepsy and Its Consequences, United States Department of Health, Education and Welfare, PLAN FOR NATIONWIDE ACTION ON EPILEPSY, (1977). Both the Rehabilitation Act of 1973 and court decisions lead to the inescapable conclusion epilepsy is a handicap and such individuals are protected under that act. *Reynolds v. Brock*, 815 F.2d 571, 574 (9th Cir. 1987).

symptoms." *Id.* at 1281-82. If this test is satisfied, and if there is no evidence of malingering, then the ALJ, under the second step, may reject the claimant's testimony about severity of symptoms with "specific findings stating clear and convincing reasons for doing so." *Id.* at 1284. The ALJ may consider the following factors when weighing the claimant's credibility: "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [his/her] testimony and [his/her] conduct, [claimant's] daily activities, [his/her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Here, there is no evidence of malingering; thus, the ALJ's reasons must be clear and convincing. Additionally, there is objective medical evidence to support a severe seizure disorder; thus, Plaintiff has satisfied the first prong *Smolen*.

An unexplained or inadequately explained failure to follow a course of medical treatment is a significant factor in a credibility analysis. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); 20 C.F.R. §§ 404.1530 and 416.930. The Commissioner may deny disability benefits if it is determined (1) the claimant failed to follow a prescribed course of treatment, and (2) the ability to work would be restored if the treatment had been followed. *See Heisner v. Secretary of H.E.W.*, 407 F. Supp. 444, 447 (E.D. Mo. 1975)

1  (benefits denied because epilepsy controlled by medication).
2      There is sufficient evidence to establish Plaintiff did not
3  take his medication as directed.  (Tr. at 160.[2])  The ALJ's finding
4  Plaintiff would retain the residual functional capacity for work, if
5  he were compliant with a medication program, is erroneous because it
6  is based upon a hypothetical that assumed he would not experience
7  seizures if on medication.  The only medical evidence is the
8  generalized belief that medication would  control the seizures (Tr.
9  at 277); however, that generalization is rebutted by the fact
10 Plaintiff suffered seizures while taking Neurontin or Dilantin.
11 (Tr. at 227, 229, 240.)  The ALJ conceded Plaintiff had had seizures
12 while on medication, just fewer of them.  (Tr. at 307.)
13 Additionally, there was evidence he experienced significant side
14 effects from medication, including alteration of his personality.
15 (Tr. at 219, 229.)  "Hypothetical questions posed to the vocational
16 expert must set out all the limitations and restrictions of the
17 particular claimant." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.
18 1988).  Here, the hypothetical posed by the ALJ did not include the
19 possibility of breakthrough seizures even if a medication regimen
20 were followed or the side effects from that medication.  (Tr. at
21 313.)  The fact Plaintiff worked for his father, a very supportive
22 employer who owned a trailer court, does not necessarily translate
23 to an ability to work successfully at a competitive job, as
24 evidenced by his history of job losses due to seizures in the
25 workplace.  *Rivera v. Barnhart,* ___ F. 3d. ___, Civ. A 04-2102 (E.D.

---

[2]No medication had been taken for five years; seizures were reported as occurring every six months.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)  - 10

Pa., filed March 4, 2005), citing *Morales v. Apfel*, 225 F.3d 310, 319 (3d. Cir. 2000). Thus, a more complete hypothetical must be presented to the vocational expert. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is **GRANTED IN PART;** the matter is **REMANDED** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 15)** is **DENIED.**

3. Any application for attorney fees shall be filed by separate motion.

4. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Plaintiff.

DATED May 5, 2005.

                    S/ CYNTHIA IMBROGNO
              UNITED STATES MAGISTRATE JUDGE